UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THOMAS LUDAVICO, Sr.; THOMAS
LUDAVICO, Jr.; ASHLEY
LUDAVICO,

        NO. CIV. S-08-1473 FCD/JFM

    Plaintiffs,

  v.                   MEMORANDUM AND ORDER

SACRAMENTO COUNTY, a
government entity; SACRAMENTO
COUNTY SHERIFF'S DEPARTMENT,
a public entity; JOHN
McGINNESS, an individual; et
al.,

    Defendants.

----oo0oo----

This matter is before the court on defendants Elk Grove Unified School District (the "District") and Elk Grove Unified School District Police Department's (the "Police Department") (collectively, "defendants")[1] motion to dismiss plaintiffs Thomas Ludavico, Sr., Thomas Ludavico, Jr. and Ashley Ludavico's

---

[1] Defendants Sacramento County, Sacramento County Sheriff's Department, John McGinness, Daniel Zuniga, Adrian Zuniga, Deputy Powe, Deputy Mueller and Deputy Schanap answered the complaint on December 16, 2008 (Docket #9).

1

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]
By their motion, defendants contend (1) plaintiffs' federal
claims under 42 U.S.C. § 1983 must be dismissed because they are
based on allegations of vicarious liability, which is not a
viable theory of liability under Section 1983; (2) certain of
plaintiffs' specific, constitutional claims alternatively fail
because plaintiffs do not allege sufficient facts establishing
the requisite elements for the claims or the claims are not
cognizable as a matter of law; (3) minor plaintiffs Thomas
Ludavico, Jr. and Ashley Ludavico's state law claims against
defendants must be dismissed for failure to comply with the
California Tort Claims Act ("CTCA"), Cal. Gov't Code § 905 et
seq.; and (4) plaintiff Thomas Ludavico, Sr.'s state law claims
asserted against defendants fail because plaintiffs do not allege
a statutory basis for defendants' liability. Plaintiffs oppose
the motion on all grounds but request leave to amend their
complaint, should the court grant the motion in any respect.

For the reasons set forth below, the court GRANTS
defendants' motion in its entirety. Plaintiffs, however, are
permitted leave to amend with respect to certain issues described
below.

**BACKGROUND**

Plaintiffs allege the facts giving rise to this case in one
paragraph of their complaint: They allege that on May 14, 2007,
defendants, while performing their duties to investigate whether

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

plaintiff Thomas Ludavico, Sr. was a danger to himself or others, "brutally used excessive and reckless force" upon Thomas Ludavico, Sr. Plaintiffs allege defendants struck and beat plaintiff Thomas Ludavico, Sr.'s body and head using their fists, feet and other objects, including a Taser weapon, which they used to electrify and shock plaintiff's body.[3] These actions occurred, plaintiffs allege, in the presence of Thomas Ludavico, Sr.'s children, plaintiffs Thomas Ludavico, Jr. and Ashley Ludavico. (Compl., filed June 24, 2008, ¶ 20.)

On the basis of these allegations, plaintiffs assert eight claims for relief, specifically alleging the first, third, fifth, sixth and eighth claims against the moving defendants herein. Plaintiffs' first and third claims for relief assert constitutional violations pursuant to Section 1983, including violations of the Equal Protection Clause and the Due Process Clause as embodied in the Fifth and Fourteenth Amendments. (Id. at ¶s 22-23, 32-33.) Plaintiffs' fifth claim for relief alleges violation of the "laws of the State of California" and the "Constitutions of both the State of California and the United States" based on defendants' purported negligent hiring, training, supervision and retention of their employees. (Id. at ¶s 42-43.) Plaintiff's sixth claim for relief asserts a common law negligence claim against defendants, and the eighth claim for relief alleges common law claims of negligent and intentional infliction of emotional distress against defendants. (Id. at ¶s 46, 54-55.)

---

[3] Plaintiffs do not specify which of the individual defendants took this action against Thomas Ludavico, Sr.

Defendants now move to dismiss these claims, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could

be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

**ANALYSIS**

**1. Plaintiffs' Section 1983 Claims**[4]

Defendants move to dismiss plaintiffs' first and third claims for relief brought pursuant to Section 1983 to the extent they are asserted against defendant Police Department, arguing the department is not a "person" for purposes of bringing a claim under Section 1983. The court agrees. A plaintiff may not bring a separate Section 1983 claim against a municipal department. See e.g. Vance v. County of Santa Clara, 928 F. Supp 993, 996 (N.D. Cal. 1996) (holding that the term "persons" for Section 1983 purposes does not encompass municipal departments; specifically, county corrections department is not a "person" under Section 1983). In Vance, the court held that suing the Santa Clara Department of Corrections under Section 1983 is improper as the Department of Corrections is an agency of the County of Santa Clara. The County is a proper defendant in a

---

[4] Section 1983 provides in part that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). Section 1983 confers no substantive rights itself, but rather, "provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).

5

§ 1983 claim, a department of the County is not. Id.[5]
Accordingly, the court finds plaintiffs do not have a viable Section 1983 claim against the Elk Grove Unified School District Police Department. Defendants' motion with respect to this issue is GRANTED, with prejudice; plaintiffs may not press their Sections 1983 claims against defendant Police Department.

Next, defendants argue plaintiffs Section 1983 claims should be dismissed because they are based on a theory of vicarious liability, which is insufficient to establish liability under Section 1983. In their complaint, plaintiffs do not allege any direct actions taken against plaintiffs by the District, the Police Department or their employees.[6] Instead, plaintiffs allege defendants are liable for the acts taken by certain,

---

[5] Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 624 n. 2 (9th Cir. 1998) and Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001) recognizing that *municipal* police departments are suable entities under Section 1983 are distinguishable from this case. Karim-Panahi and Streit held that city and county police departments are akin to public entities; namely, cities and counties themselves who may be sued under Section 1983. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978) (holding that municipalities are "persons" subject to damages liability under Section 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort"). In this case, however, the police department is not a county or city police department but rather a police department of a local school district. As such, the court's decision in Vance is analogous and supports dismissal of the school district police department in this case. Indeed, plaintiffs cite no authority to support the proposition that a police department of a city school district is properly considered a "municipality" suable under Section 1983, and the court is not aware of any such authority.

[6] Plaintiffs do not allege any facts to demonstrate how the incident involves the Elk Grove Unified School District or its Police Department. There are no facts indicating that the incident occurred on District property or that any of the individual officers allegedly involved in the incident were employees of the Police Department or the District.

6

identified deputy officers of the County of Sacramento, who allegedly used excessive force in arresting plaintiff Thomas Ludavico, Sr. and who later denied him proper medical care while incarcerated at the Sacramento County Jail. (Compl., ¶s 10-15, 32, 34.) Plaintiffs specifically identify the policies, customs and practices of defendant Sheriff John McGuiness, and his employer the County of Sacramento, as the standards governing the deputy officers who allegedly attacked plaintiff Thomas Ludavico, Sr. (Id. at ¶ 26 [alleging the "the individual defendants were acting pursuant to policies, customs, and practices ratified by defendants John McGuiness, Sacramento County, Sacramento County Sheriff's Department to use excessive force in the subduing, taking into custody and maintaining custody of those individuals, such as plaintiff, who are arrested and held in custody in the Sacramento County jail"].)

In Monell v. Department of Social Servs., 436 U.S. 658 (1978), the United States Supreme Court held that municipalities are "persons" subject to damages liability under Section 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." Id. at 691. The Court emphasized that the municipality itself must cause the constitutional deprivation, and that a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. Id. Here, plaintiffs fail to allege *any* actions by defendants or their employees relating to the alleged assault of plaintiff Thomas Ludavico, Sr., and to the extent plaintiffs seek to hold defendants liable for the actions of other County defendants,

such a claim is precluded by Monell. Defendant District cannot be held vicariously liable for the actions of others. Id.

The Ninth Circuit has made it clear that under Monell, a plaintiff may establish municipal liability in one of three ways:

> First, the plaintiff may prove that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself constituted an act of official governmental policy. [T]hird, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (internal citations and quotations omitted). Plaintiffs do not allege any facts to support holding the District liable under one of these theories. Accordingly, the court GRANTS defendants' motion as to plaintiffs' Section 1983 claims.

However, the court grants plaintiffs leave to amend with respect to these claims to the extent they are asserted against the District. In their opposition, plaintiffs request leave to amend in the event the court finds any of their claims for relief deficient. Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave when justice so requires." "Leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997). None of these factors are present with respect to these claims, and thus, the court grants plaintiffs leave to amend as to their first and third claims for

8

relief asserted against the District.

Finally, the court notes that defendants' motion as to plaintiffs' Section 1983 claims is also properly granted on the alternative ground that plaintiffs' claims fail to allege facts establishing the requisite elements of certain of the claimed constitutional violations. For example, to allege an equal protection violation, plaintiff Thomas Ludavico, Sr. must assert he is a member of a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Yet, the complaint alleges only that the individual defendants' assault and battery on Thomas Ludavico, Sr. "was due in part to what the deputies perceived as plaintiff's race, religion, and/or ethnicity." (Compl., ¶ 22.) This allegation is insufficient to assert actual membership in a protected class; it merely avers Thomas Ludavico, Sr. was "perceived" to be a member of an unidentified race, religion and/or ethnicity. Plaintiffs' Section 1983 claim asserting an equal protection violation is thus properly dismissed on this alternative basis. For the same reasons as set forth above, however, plaintiffs are permitted leave to amend this claim.

Defendants also move to dismiss plaintiffs' Section 1983 claims to the extent they are based on an alleged violation of the Fifth Amendment. The Fifth Amendment does not apply to state action. Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952) (recognizing that the Due Process Clause of the Fifth Amendment only applies to federal government actions). Here, plaintiffs allege that defendants are state actors, not federal actors. (Compl., ¶s 8-9 [alleging that the District and Police

Department are "political subdivision[s] of the State of California"].) Thus, plaintiffs may not state a violation of the Fifth Amendment against these defendants.[7] Defendants' motion on this ground is GRANTED, with prejudice.

**2.    Compliance with the CTCA**

Defendants move to dismiss plaintiffs' fifth, sixth and eighth claims for relief to the extent they are asserted on behalf of plaintiffs Thomas Ludavico, Jr. and Ashley Ludavico on the ground that these plaintiffs did not comply with the CTCA prior to filing the instant suit. Under the CTCA, a person may not sue a local public entity for damages unless he or she has first presented a timely written claim to the entity. Cal. Gov't Code § 905. The claim must be presented to the public entity within six months following its accrual. Cal. Gov't Code §§ 911.2, 945.4. The claim presentation requirements are mandatory and failure to timely present a claim against the governmental entity bars the plaintiff from filing a lawsuit against that entity. See State v. Sup. Ct. (Bodde), 32 Cal. 4th 1234, 1240 (2004).

Here, plaintiffs concede that Thomas Ludavico, Jr. and Ashley Ludavico did not file a claim against defendants pursuant to the CTCA, asserting that the failure was due to counsel's "oversight." (Opp'n, filed Feb. 19, 2009, at 7:6-7.) As plaintiffs concede their failure to comply with the CTCA,

---

[7] As acknowledged by defendants, plaintiffs may state a due process claim against defendants pursuant to the Fourteenth Amendment. See e.g., Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-73 (1972) (recognizing that the Fourteenth Amendment's Due Process Clause applies to the states).

10

defendants' motion on this ground must be GRANTED.  While plaintiffs request leave to amend to permit time for Thomas and Ashley to file a claim under the CTCA, such filing would be futile.[8]  The minor plaintiffs' claim accrued on May 14, 2007, the date of the incident involving their father.  Pursuant to California Government Code section 911.4(b), minors may seek leave to present a late claim "within a reasonable time" after the accrual of their claim but "*not* to exceed one year after the accrual of the cause of action."  Thus, at the latest, the minor plaintiffs in this case had until May 14, 2008 to present a claim under the CTCA.  That deadline has long since passed, and thus, granting leave to amend the complaint with respect to Thomas Ludavico, Jr. and Ashley Ludavico's state law claims against defendants would be futile.

Plaintiffs' fifth, sixth and eighth causes of action asserted on behalf of plaintiffs Thomas Ludavico, Jr. and Ashley Ludavico are hereby dismissed, with prejudice.

**3.   Common Law Claims against Defendants**

Defendants acknowledge that plaintiff Thomas Ludavico, Sr. complied with the CTCA and may bring the fifth, sixth and eighth claims for relief against defendants.  However, defendants move to dismiss these claims as inadequately pled.  Under California law, a public entity may be held liable for an injury, "whether such injury arises out of an act or omission of the public entity

---

[8] Plaintiffs imply in their papers that this court could grant them permission to file a late claim under the CTCA.  They are incorrect.  The power to grant such relief is reserved to the state superior courts pursuant to California Government Code § 946.6.  Hernandez v. McClanahan, 996 F. Supp. 975, 978 (N.D. Cal. 1998).

11

or a public employee or any other person," only where provided by statute. Cal. Gov't Code § 815(a); <u>Tolan v. State of Cal. Ex rel. Dept. of Transp.</u>, 100 Cal. App. 3d 980, 986 (1979) (recognizing that Section 815 abolishes all common law or judicially declared forms of liability for public entities).

Plaintiffs' fifth, sixth and eighth claims for relief, for negligent hiring, training, supervision and retention, negligence and negligent and intentional infliction of emotional distress, respectively, arise from common law. See <u>Krupnick v. Hartford Accident & Indemnity Co.</u>, 28 Cal. App. 4th 185, 202 (1994); <u>Grosz v. Lassen Comm. College</u>, 572 F. Supp. 2d 1199, 1212 (E.D. Cal. 2008). To be asserted against defendant public entities, plaintiffs must allege a *statutory* basis for the claims, but they have not done so in their complaint. Indeed, there is no reference whatsoever in the complaint to any statutes; plaintiffs' conclusory allegation that defendants "had a duty" to prevent the claimed acts of negligence by certain individual defendants is clearly insufficient under Section 815(a). Accordingly, defendants' motion to dismiss these claims as brought by plaintiff Thomas Ludavico, Sr. is GRANTED. Plaintiffs, however, are granted leave to amend these claims to set forth, if possible, a statutory basis for their state law claims against these defendants.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED in its entirety. Plaintiffs, however, are granted leave

to amend in the respects set forth above.  Plaintiffs shall file their amended complaint within 20 days of the date of this order. Defendants shall have 20 days after service thereof to file their response.

IT IS SO ORDERED.

DATED: March 11, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE