UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THOMAS LUDAVICO, Sr.; THOMAS LUDAVICO, Jr.; ASHLEY LUDAVICO,

        Plaintiffs,

    v.

SACRAMENTO COUNTY, a government entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; JOHN McGINNESS, an individual; <u>et al.</u>,

        Defendants.

NO. CIV. S-08-1473 FCD/JFM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Pending before the court are the following motions: (1) defendant Elk Grove Unified School District's ("EGUSD") motion to dismiss and strike plaintiffs Thomas Ludavico, Sr., Thomas Ludavico, Jr. and Ashley Ludavico's ("plaintiffs") first amended complaint (Docket #19); (2) plaintiffs' motion to file a second amended complaint (Docket #30); (3) EGUSD's motion for sanctions, pursuant to Fed. R. Civ. P. 11, against plaintiffs for failure to comply with the court's prior order permitting leave

1

to file a first amended complaint (Docket #37); and (4) the court's order to show cause ("OSC") against plaintiffs' counsel for failure to timely file an opposition or statement of non-opposition to EGUSD's motion for sanctions (Docket #40).[1]

On March 11, 2009, the court granted EGUSD's motion to dismiss plaintiffs' complaint, but granted plaintiffs leave to amend in certain, specific respects. (Docket #17.) Thereafter, on March 31, 2009, plaintiffs filed their first amended complaint. (Docket #18.) EGUSD moved to dismiss, arguing plaintiffs failed to comply with the court's March 11 Order by not removing dismissed claims for relief, exceeding the scope of the court's order permitting leave to amend in only certain defined respects, and otherwise asserting legally uncognizable claims against the district. (Docket #19.) Plaintiffs opposed EGUSD's motion but also filed a separate motion seeking leave to file a second amended complaint (1) to correct certain deficiencies identified by EGUSD and (2) to name additional County-related defendants, who plaintiffs recently identified as a result of defendant County of Sacramento's production of a crime report of the subject incident. (Docket #30.) After providing plaintiffs' counsel with an opportunity to correct the claimed deficiencies in the first amended complaint, pursuant to the safe-harbor provisions of Rule 11, EGUSD moved for sanctions against plaintiffs in the amount of $1,885.50, representing the attorneys' fees and costs incurred by the district in filing the

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

motion for sanctions and in opposing plaintiffs' motion for leave to amend.  (Docket #37-3.)  EGUSD argues Rule 11 sanctions are warranted based on plaintiffs' failure to comply with the court's March 11 Order and for plaintiffs' continued assertion of baseless claims against the district.  (Docket #37-2.)  Plaintiffs did not respond to the motion for sanctions, and thus, the court issued an OSC on September 21, 2009.

Plaintiffs responded to the OSC on October 16, 2009, stating that they had "no legal opposition" to the motion for sanctions but asking the court to not impose sanctions on plaintiffs personally since it was "the fault of plaintiff's counsel . . . who at plaintiffs' direction was to file a dismissal of [EGUSD] from this action prior to [the district] filing [the motion for sanctions]."  (Docket #42.)  On October 21, 2009, plaintiffs filed a request for voluntary dismissal of EGUSD from this action, in its entirety.  (Docket #44); Fed. R. Civ. P. 41(a).

That dismissal moots EGUSD's motion to dismiss the first amended complaint; therefore, EGUSD's motion is hereby DENIED as MOOT (Docket #19).  EGUSD is dismissed from this action.

Plaintiffs' motion to amend is also DENIED as MOOT to the extent it raised issues pertaining to EGUSD; however, the court GRANTS plaintiffs' motion to the extent it pertains to the remaining County defendants.[2]  (Docket #30.)  Said defendants filed a statement of non-opposition to the motion.  (Docket #34.)

---

[2] Said defendants are County of Sacramento (erroneously sued as Sacramento County and Sacramento County Sheriff's Department), John McGinness, Daniel Zuniga, Adrian Zuniga, Deputy Dexter Powe, Deputy Michael Heller (erroneously sued as "Mueller") and Deputy Schannep (erroneously sued as "Schanap").

3

1  Therefore, plaintiffs shall file and serve their second amended
2  complaint, asserting claims against the County defendants within
3  20 days of the date of this order.  County defendants shall have
4  30 days thereafter to file a response thereto.
5      With respect to EGUSD's motion for Rule 11 sanctions (Docket
6  #37), the court GRANTS the district's motion based on plaintiffs'
7  statement of non-opposition thereto.  (Docket #42.)  Considering
8  plaintiffs' counsel's request, the court will not impose
9  sanctions personally on plaintiffs but instead directs
10 plaintiffs' counsel, at his sole expense, to pay the requested
11 attorneys' fees and costs of $1,885.50.  Plaintiffs' counsel
12 shall make said payment to EGUSD's counsel within 30 days of the
13 date of this order.  Having provided no justification for failing
14 to timely respond to the motion for sanctions, the court also
15 sanctions plaintiffs' counsel $150.00 pursuant to the OSC (Docket
16 #40).  Said amount shall be paid to the court within 30 days of
17 the date of this order.
18      IT IS SO ORDERED.
19  DATED: October 22, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4