UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS LUDAVICO, et al.,              No. 2:08-cv-01473-MCE-KJM

     Plaintiffs,

  v.                                   MEMORANDUM AND ORDER

SACRAMENTO COUNTY, et al.,

     Defendants.

----oo0oo----

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Corrected Second Amended Complaint. (ECF No. 78.) For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

///
///
///
///
///
///
///

1

**BACKGROUND**

On October 14, 2011, Plaintiffs Thomas Ludavico, Sr., Thomas Ludavico, Jr., and Ashley Ludavico filed their Second Corrected Second Amended Complaint ("SCSAC") against Defendants Sacramento County, Sacramento County Sheriff's Department, Sheriff John McGinness, Sergeants Greg Hanks and Chris Mora, and Deputies Adrian Zuniga, Daniel Zuniga, Dexter Powe, Michael Heller, Brett Schannep and Chris Weightman. (ECF 68.)  The one paragraph of the SCSAC that constitutes a statement of facts alleges:

> On or about May 14, 2007, the above named defendants, and each of them, while in performance of their duties to investigate and to determine whether Plaintiff, Thomas Ludavico, Sr. presented a danger to himself and/or others, brutally used excessive and reckless force by striking and beating said Plaintiff's body and head with their fists, feet, and other objects, and electrifying and shocking the person and body of said Plaintiff using a Taser weapon, all such actions occurring after said Plaintiff was not resisting. These acts by the individual defendants are detailed in the defendants' own words in the Sacramento County Sheriff's Department Crime Report written by the individual defendants, a true and correct copy of said report is attached hereto as exhibit "A" and incorporated herein by references.  All actions occurred in the presence of said Plaintiffs son and daughter, Plaintiffs Thomas Ludavico, Jr. and Ashley Ludavico.

(ECF No. 68 at 5, ¶ 21.)  The Attached Exhibit "A" is a copy of a Government Tort Claim.  (ECF No. 68, Ex. A.)  Plaintiffs presumably are referring to Exhibit "B," which is fifty-two pages of what appears to be the Sheriff's Department file on Ludavico, Sr., and which contains various documents – including arrest reports, interview notes, property reports, statements given by various officers, and handwritten notes apparently written by Ludavico, Sr.  (ECF No. 68, Ex. B.)

Plaintiffs' SCSAC states seven causes of action; the first six are brought solely by Ludavico, Sr., and are brought against all Defendants. (ECF No. 68 at 5-11.) The First Cause of Action is a 42 U.S.C. § 1983 claim alleging excessive force. (Id. at 5-6.) Plaintiff's Second Cause of Action is another § 1983 excessive force claim, making the same allegations but adding deliberate indifference and denial of medical care claims that appear to be related to his confinement in the Sacramento County Jail. (Id. at 7.) The Third Cause of Action alleges negligent hiring and training, supervision, and retention in violation of § 1983 and the Fourth Amendment. (Id. at 8.) The Fourth, Fifth and Sixth Causes of Action are state law claims for negligence, assault and battery, and negligent and intentional infliction of emotional distress. (Id. at 9-11.) The Seventh Cause of Action, brought only by Ludavico, Jr., and Ashley Ludavico, is a negligent and intentional infliction of emotional distress claim brought against Defendants McGinness, Sacramento County and the Sheriff's Department. (Id. at 11-12.)

On October 14, 2011, Defendants filed their Motion to Dismiss ("MTD"). (ECF No. 78.) Defendants' MTD contends that Plaintiffs' SCSAC is deficient both on the basis of the sufficiency of Plaintiffs' factual allegations, as well as on the sufficiency of Plaintiffs' legal contentions and should be dismissed without leave to amend.

///
///
///
///

Plaintiffs' Opposition, if any, was due on or before November 17, 2011. However, Plaintiffs did not file their Opposition until November 28, 2011, the day before the scheduled hearing on the MTD. (ECF No. 81.)[1] Plaintiffs had not sought leave for an extension with the Court. Notably, Plaintiffs' counsel has repeatedly failed to file briefs in a timely manner. See: (1) (ECF Nos. 11 and 12) (regarding Plaintiffs' failure to file Opposition to an earlier motion to dismiss); (2) (ECF No. 40) (Order to Show Cause ("OSC") why Plaintiffs' counsel should not be sanctioned for failing to file an opposition or non-opposition to Defendants' Motion for Sanctions (ECF No. 37)); (3) (ECF No. 48) (OSC why Plaintiffs' counsel should not be sanctioned for failing to timely file plaintiffs' Second Amended Complaint); and (ECF No. 51) (Order for sanctions for failing to timely file plaintiffs' Second Amended Complaint after Defendants counsel failed to respond to the Court's OSC and OSC why counsel should not be sanctioned for failing to respond (ECF No. 48)).

In their Reply, Defendants contend that the Court should not consider Plaintiffs' Opposition brief because it was untimely filed and should grant their MTD without leave to amend. (ECF No. 81 at 2.)

///
///
///
///

---

[1] Plaintiffs' Counsel and co-counsel, William Bonham and Lyle Solomon, filed declarations in support of the Opposition which placed the blame on Mr. Solomon for failing to adhere to the Court's deadline. (ECF Nos. 82 and 83.)

4

**LEGAL STANDARD UNDER FED. R. CIV. P. 12(B)(6)[2]**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant a fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Each allegation must be simple, concise, and direct." Rule 8(d)(1) (emphasis added).

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. Twombly, 550 U.S. at 555. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (Internal citations omitted.) A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

///
///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

  Furthermore, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2)). "Without some factual allegation . . . , it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 556 n.3 (citation omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." (Id. at 570.) If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

  A court granting a motion to dismiss a complaint must then decide whether to grant a leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (internal citations omitted).
///
///

**ANALYSIS**

Plaintiffs' SCSAC fails to state any cognizable claims against Defendants.

### A.   Factual Allegations

The one paragraph in the SCSAC devoted to facts (ECF No. 68 at 5, ¶ 21) fails to satisfy the standards for pleading set forth in <u>Iqbal</u> and <u>Twombly</u>. Here, Plaintiffs allege that Defendants "while in the performance of their duties to investigate whether [Ludavico, Sr.] presented a danger to himself and/or others, brutally used excessive and reckless force" by striking and beating Ludavico, Sr., and using a Taser on him when he was not resisting arrest. (ECF No. 68 at 5, ¶ 21.)

As the Supreme Court noted in <u>Iqbal</u>, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. This, however, is exactly what Plaintiffs have done here. Specifically, Plaintiffs' description of what occurred to Ludavico, Sr., as well as who, exactly, was involved in each act, is unclear, undeveloped and conclusory. Plaintiffs do not explain why officers were investigating whether Ludavico, Sr., was "a danger to himself and/or others" or provide any details as to what may have occurred at the scene. (ECF No. 68 at 5, ¶ 21.)

///
///

In addition, Plaintiffs do not state which of the individual Defendants were at the scene, or specify which Defendants were responsible for the acts at issue. See id.

Further, nothing in this paragraph suggests facts that would support Plaintiffs' Second Cause of Action claims that Ludavico, Sr., was subject to deliberate indifference and was denied access to medical care while he was incarcerated, or otherwise was harmed during his incarceration. To the extent that Ludavico is contending that his rights were violated during his incarceration, he does not specify which Defendants were responsible for those acts. (See ECF No. 68 at 7, ¶ 32.)

In sum, Plaintiffs' factual statement in the SCSAC constitutes a bare conclusory allegation that Defendants used excessive force against Ludavico, Sr. While conceivable, as pleaded, Plaintiffs "have not nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Plaintiffs' attempt to force the Court to assemble their factual allegations for them by directing the Court to Exhibit "B" is also misconceived. Although pursuant to Rule 10(c), exhibits are permissible if incorporated by reference, as they are here, they are unnecessary in the federal system of notice pleading, Rule 8(a). Plaintiffs may not attach an exhibit to their complaint – particularly not an exhibit like Exhibit "B," which is over fifty pages of police reports, interview notes, witness statements, records of evidence, etc. – with the expectation that the Court will sift through the exhibit and extract factual information to identify cognizable claims on Plaintiffs' behalf.

Although the Court will liberally construe Plaintiffs' complaint, the burden of presenting the facts in a "short and plain" manner is on Plaintiffs; the Court will not perform their work for them.

### B.   Substantive Law

Each of Plaintiffs' causes of action in the SCSAC is also deficient under the pleading standards set forth in Iqbal and Twombly. First, as stated above, Plaintiffs' statement of facts is so deficient that it cannot presently support any of Plaintiffs' causes of action. Second, each of Plaintiffs' claims essentially just states the elements of the cause of action and concludes that Defendants are liable.[3] This is insufficient to state a claim for relief under Rule 8(a). See Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

///
///

---

[3] For six of Plaintiffs' causes of action, Plaintiffs allege that all Defendants are liable without providing any factual support for why "all" the Defendants would be liable (e.g., how would the arresting officers be responsible for Ludavico, Sr.'s denial of medical care claim?).

9

**C.   Discussion**

Plaintiffs' SCSAC will be dismissed with final leave to amend.[4] To survive summary dismissal by this Court, Plaintiffs' amended complaint must (1) be submitted within thirty days of the filing of this Memorandum and Order; and (2) clearly state individually for each Defendant a) who that Defendant is; b) what that Defendant did; c) what right that particular Defendant violated; and d) how that Defendant's actions violated that right. Consistent with the pleading standards set forth in Rule 8, as well as Iqbal and Twombly, Plaintiffs must detail the facts supporting their claims and tie those facts to each of their causes of action in a manner that would provide the Court "not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 556 n.3 .

///
///
///
///
///
///

---

[4] Defendants urge the Court to dismiss without leave to amend on the basis of (1) Plaintiffs' failure to timely file their Opposition; (2) the factual inadequacies of the SCSAC; and (3) the merits of each of Plaintiffs' causes of action. Although the Plaintiffs' pattern of untimely filings is of concern to the Court, it declines to dismiss the case on that basis without giving Plaintiffs clear direction that they have one last chance to timely file or face dismissal, as the Court does here. Further, the Court declines to dismiss without leave to amend until Plaintiffs have been given a final opportunity to cure the factual and legal deficiencies of the SCSAC.

10

At this point, the Court will not delve into a substantive discussion of each of Plaintiffs' causes of action because of the factual inadequacies of the SCSAC, but for constitutional violation claims, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Therefore, Plaintiffs are on notice that alleging that "all" Defendants violated Ludavico's rights without providing any details about each Defendant, as they do in the SCSAC, is insufficient.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 78) is GRANTED with final leave to amend;

2. Within thirty (30) days of service of this Memorandum and Order, Plaintiffs shall file an amended complaint;

3. Plaintiffs may not add any new claims to their complaint; and

///
///
///
///
///
///
///

4.  Failure to timely file an amended complaint will result in summary dismissal with prejudice.

IT IS SO ORDERED.

Dated: June 4, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE