UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS LUDAVICO, et al.,                    No. 2:08-cv-01473-MCE-KJM

      Plaintiffs,

    v.                                      MEMORANDUM AND ORDER

SACRAMENTO COUNTY,
et al.,

      Defendants.

----oo0oo----

Through this action, Plaintiffs Thomas Ludavico, Sr. ("Ludavico"), Ashley Ludavico and Thomas Ludavico, Jr. seek redress from Defendants Sacramento County, Sacramento Sheriff's Department[1], Sheriff John McGinness, Sergeants Greg Hanks and Chris Mora, and Deputies Adrian Zuniga, Daniel Zuniga, Sydow, Dexter Powe, Michael Heller, Brett Schannep, and Chris Weightman, and others, based on alleged civil rights violations pursuant to 42 U.S.C. § 1983.

---

[1] Defendants assert that Defendant Sacramento County was erroneously sued as "Sacramento County Sheriff's Department." For purposes of this Order, Defendants Sacramento County and the Sacramento Sheriff's Department will be collectively considered as "the County" or "Sacramento County."

Plaintiffs also seek redress for multiple claims brought under California state law.  Presently before the Court is Defendants' Motion to Dismiss (ECF No. 91) Plaintiffs' Third Amended Complaint ("TAC") (ECF No. 90) for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Defendants filed their Motion on July 19, 2012, and Plaintiffs filed a timely opposition (ECF No. 92).

Plaintiffs' TAC asserts seven causes of action, with Ludavico bringing the initial five causes of action and all three Plaintiffs asserting the last two.  The first two causes of action are for excessive force in violation of the Fourth, Fifth, and Eighth Amendments, brought pursuant to 42 U.S.C. § 1983.  The third cause of action is for negligent hiring, supervision, training and retention, in violation of Fourteenth Amendment, also brought pursuant to 42 U.S.C. § 1983.  The fourth cause of action alleges a state law claim for negligence; the fifth, assault and battery; the sixth, negligent and intentional infliction of emotional distress against all Defendants; and the seventh, negligent and intentional infliction of emotional distress against Defendants Sacramento County and McGinness.

Defendants seek complete and final dismissal of Plaintiffs' second, third and seventh causes of action.  (ECF Nos. 91 and 93.)  Defendants ask that the Court dismiss the first cause of action as to all defendants except Defendants Heller, Schannep and Weightman.  (ECF No. 93 at 1-3.)

///

---

[2] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

Defendants seek final dismissal of the fourth, fifth, and sixth causes of action, except as asserted against Defendants Schannep and the County.  (Id. at 7-10.)  Defendants also seek to prevent Plaintiffs from adding parties to the sixth cause of action. (Id. at 9.)  For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

**BACKGROUND**[3]

On or about May 14, 2007, Plaintiff Ashley Ludavico found a note left by Ludavico, her father, that possibly indicated his intention to commit suicide.  Plaintiff Ashley Ludavico then requested that Defendant Sacramento County Sheriff's Department perform a wellness check on her father.  Defendants Sydow and Daniel Zuniga were dispatched to Ludavico's home to perform the check.

Before either Defendant deputy exited the patrol car, Ludavico saw at least two additional patrol cars park in front of his house.  Ludavico then observed Defendants Powe and Adrian Zuniga approach his home.  Defendant Adrian Zuniga was crouching with his weapon unholstered.  At this point, Ludavico proceeded to walk out his front door with his hands in the air.  Ludavico also raised his shirt while turning around to allow Defendants to establish that he was unarmed.

---

[3] The factual assertions in this section are based on the allegations in Plaintiffs' TAC, except where otherwise noted. For the purposes of this Motion, the Court accepts Plaintiffs' facts as true and makes all inferences in the light most favorable to Plaintiffs.

1  Ludavico subsequently asked Defendant Adrian Zuniga to explain

2  why he was at Ludavico's residence.  Instead of responding,

3  Defendant Adrian Zuniga ordered Ludavico to the ground.

4      Before Ludavico could comply with Defendant Adrian Zuniga's

5  command, and without Defendants suspecting Ludavico's involvement

6  in any criminal activity, Defendants Schannep and Heller struck

7  Ludavico from behind and forcibly brought him to the ground.

8  Once Ludavico was on the ground, Defendant Heller hit him in the

9  stomach and face and Defendant Schannep struck him in the back

10 and side of his head.  Defendant Weightman then discharged a stun

11 gun on Ludavico at least twice.  Due to the nature of the

12 incident, Ludavico is unable to provide the exact identities and

13 actions of everyone involved.  The altercation occurred in the

14 presence of Ludavico's two minor children, Plaintiffs Ashley

15 Ludavico and Thomas Ludavico, Jr.

16     Although Ludavico made no threatening motions or comments to

17 Defendants, except for objecting to their conduct, the Deputies

18 took Ludavico into custody for battery on a police officer.

19 Ludavico received medical treatment when he first arrived at the

20 Sacramento County Jail.  Although Defendants knew of Ludavico's

21 injuries, the medical care ceased once authorities booked him

22 into the jail.  As a result of the incident at Ludavico's home

23 and his subsequent treatment at the jail, Ludavico states that he

24 suffered damage to various parts of his body.  All Plaintiffs

25 seek compensation for pain and suffering and emotional distress.

26 ///

27 ///

28 ///

4

1    In compliance with California Government Code section 945.4,
2  Plaintiffs filed the requisite tort claim against Defendants
3  Sacramento County, Sacramento County Sheriff's Department, Jim
4  Rose, and Deputies Adrian Zuniga, Daniel Zuniga, Mueller, Powe,
5  and Schannep. (ECF No. 68, Ex. A.)  Plaintiffs claim they adhered
6  to applicable government statutes by filing the 2007 tort claim
7  against all then known Defendants.  (ECF No. 92 at 14-15.)

8

9                    **LEGAL STANDARD UNDER 12(b)(6)**

10

11   On a motion to dismiss for failure to state a claim under
12  Rule 12(b)(6), all allegations of material fact must be accepted
13  as true and construed in the light most favorable to the
14  nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
15  337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and
16  plain statement of the claim showing that the pleader is entitled
17  to relief' in order to 'give the defendant fair notice of what
18  the . . . claim is and the grounds upon which it rests.'"  Bell
19  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting
20  Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21   While a complaint attacked by a Rule 12(b)(6) motion to
22  dismiss does not require detailed factual allegations, "a
23  plaintiff's obligation to provide the grounds of his entitlement
24  to relief requires more than labels and conclusions, and a
25  formulaic recitation of the elements of a cause of action will
26  not do."  Twombly, 550 U.S. at 555 (internal citations omitted.)
27  "Factual allegations must be enough to raise a right to relief
28  above the speculative level."  Id.

1  Furthermore, a court is not required to accept as true a "legal
2  conclusion couched as a factual allegation." Ashcroft v. Iqbal,
3  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555.)
4  "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket
5  assertion, of entitlement to relief." Twombly, 550 U.S. at 556
6  n.3 (internal citations omitted).  "But where the well-pleaded
7  facts do not permit the court to infer more than the mere
8  possibility of misconduct, the complaint has alleged--but it has
9  not 'show[n]'--'that the pleader is entitled to relief.'" Iqbal,
10  556 U.S. at 679 (quoting Rule 8(a)(2)).  "Without some factual
11  allegation in the complaint, it is hard to see how a claimant
12  could satisfy the requirements of providing not only 'fair
13  notice' of the nature of the claim, but also 'grounds' on which
14  the claim rests." Twombly, 550 U.S. 556 n.3 (internal citation
15  omitted).  A pleading must contain "only enough facts to state a
16  claim to relief that is plausible on its face." Id. at 570.  If
17  the "plaintiffs . . . have not nudged their claims across the
18  line from conceivable to plausible, their complaint must be
19  dismissed." Id.  A court granting a motion to dismiss a
20  complaint must then decide whether to grant leave to amend.  A
21  court should "freely give" leave to amend when there is no "undue
22  delay, bad faith[,] or dilatory motive on the part of the movant,
23  . . . undue prejudice to the opposing party by virtue of . . .
24  the amendment, [or] futility of amendment . . . ." Foman v.
25  Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
26  denied only when it is clear the deficiencies of the complaint
27  cannot be cured by amendment.  DeSoto v. Yellow Freight Sys.,
28  Inc., 957 F.2d 655, 658 (9th Cir. 1992).

1      **ANALYSIS**

2

3      Defendants move to dismiss all seven causes of action set

4  forth in Plaintiffs' TAC.  The Court will discuss each cause of

5  action in turn.

6

7  **A.    42 U.S.C. § 1983: Fifth Amendment Excessive Force Claim**

8

9      Plaintiffs' first cause of action alleges that Defendants'

10 use of excessive force violated Ludavico's Fifth Amendment right

11 to due process.  However, Plaintiffs' Opposition concedes that

12 the Fifth Amendment claim is not viable.  (ECF No. 92 at 8.)  The

13 Fifth Amendment only applies to the federal government.

14 Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Because

15 each Defendant in this lawsuit is a state actor, the Fifth

16 Amendment claim cannot stand.  This claim is therefore dismissed

17 without leave to amend.

18

19 **B.    42 U.S.C. § 1983: Fourth Amendment Excessive Force**
   **Claim**

20

21      **1.    Claims Against Sergeant and Deputy Defendants**

22

23      Plaintiffs' first cause of action also alleges that

24 Defendants' use of excessive force violated Ludavico's Fourth

25 Amendment right against unreasonable searches and seizures.

26 Plaintiffs must satisfy the Fourth Amendment's "'objective

27 reasonableness' standard" to establish a Fourth Amendment

28 excessive force claim.

7

1   <u>Graham v. Connor</u>, 490 U.S. 386, 388 (1989).  The "inquiry in an
2   excessive force case is an objective one: the question is whether
3   the officer's actions are 'objectively reasonable' in light of
4   the facts and circumstances."  <u>Id.</u> at 397 (citing <u>Scott v. United</u>
5   <u>States</u>, 436 U.S. 128, 137-39 (1978); <u>Terry v. Ohio</u>, 392 U.S. 1
6   (1968)).  This analysis "requires careful attention to the facts
7   and circumstances of each particular case."  <u>Id.</u> at 396 (citing
8   <u>Tennessee v. Garner</u>, 471 U.S. 1 (1985)).  Put another way,
9   resolving the Fourth Amendment allegation necessitates examining
10  "the factbound morass of 'reasonableness.'"  <u>Scott v. Harris</u>,
11  550 U.S. 372, 383 (2007).  Determination of reasonableness
12  requires the Court to balance "the nature and quality of the
13  intrusion of the individual's Fourth Amendment interests against
14  the countervailing governmental interests at stake."  <u>Graham</u>,
15  490 U.S. at 396 (internal quotations omitted).  The
16  reasonableness of the use of force is "judged from the
17  perspective of a reasonable officer on the scene," and not from
18  the perspective of the person seized or of a court reviewing the
19  situation "with the 20/20 vision of hindsight."  <u>Id.</u>  Because an
20  investigation into "objective reasonableness" is fact-driven, the
21  plaintiffs must, at a minimum, provide sufficient details to
22  satisfy the <u>Twombly</u> and <u>Iqbal</u> pleading requirements.  <u>See</u> <u>Smith-</u>
23  <u>Downs v. City of Stockton</u>, No. 2:10-cv-02495-MCE-GGH, 2012 WL
24  671932, *6 (E.D. Cal. Feb. 29, 2012).

25      Plaintiffs aggregate the excessive force claim against
26  Defendants Hanks, Mora, Adrian Zuniga, Daniel Zuniga, Sydow and
27  Powe without providing adequate facts or information describing
28  the actual conduct of each individual defendant.

8

Even after the Court's warning in its prior order, Plaintiffs do nothing more than allege that these Defendants were present and used excessive force.  In particular, Plaintiffs claim that Defendants Sydow and Daniel Zuniga were dispatched to Plaintiffs' home and that Defendants Hanks and Mora may have been at the scene.  (ECF No. 90 at 5; ECF No. 92 at 9.)  However, these facts are insufficient to state a claim for excessive force in violation of the Fourth Amendment.  For Defendant Powe, Plaintiffs state merely that he was spotted leaving his patrol car.  (ECF No. 90 at 6.)  This behavior hardly constitutes an abuse of force.  While the TAC asserts that Defendant Adrian Zuniga drew his weapon, the facts pled simply fall short of showing that Defendant Zuniga used excessive force.  (ECF No. 90 at 6.)

Although given opportunities to correct their pleadings, Plaintiffs fail to assert sufficient information.  Rule 8 does not require Plaintiffs to provide detailed facts, but Plaintiffs must do more than simply accuse Defendants of causing harm.  Iqbal, 556 U.S. at 678.  Consequently, the claims against Defendants Hanks, Mora, Adrian Zuniga, Daniel Zuniga, Sydow and Powe are dismissed without leave to amend.

///
///
///
///
///
///
///

**2.   Claims Against Defendants Sacramento County and Sheriff McGinness**

Plaintiffs' first cause of action is also brought against Defendant Sacramento County.  Municipalities and local officials cannot be vicariously liable for the conduct of their employees under § 1983, but rather are only "responsible for their own illegal acts." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)).  In other words, a municipality may only be liable where it individually caused a constitutional violation via "execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).  A recent decision from this district summarized the Ninth Circuit standard of municipal liability under § 1983 in the following way:

> Municipal liability may be premised on: (1) conduct pursuant to an expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate.

Young v. City of Visalia, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (citing Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008); Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Ulrich v. City of S.F., 308 F.3d 968, 984-85 (9th Cir. 2002); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)).

///

1    Besides demonstrating that one of the methods of

2 establishing municipal liability applies, a plaintiff must also

3 show that an official "policy or custom . . . inflicts the

4 injury." Monell, 436 U.S. at 694.  That is to say, a plaintiff

5 bears the burden of demonstrating that the policy or custom was a

6 "moving force" of the constitutional deprivation and that the

7 alleged injury would have been avoided had the municipality had a

8 constitutionally proper policy.  Gibson v. County of Washoe,

9 290 F.3d 1175, 1196 (9th Cir. 2002).

10    Additionally, a negligent municipality does not violate the

11 Constitution.  Rather, a plaintiff must demonstrate that the need

12 for more or different action is "obvious, and the inadequacy [of

13 the current policy or procedure] is so likely to result in a

14 violation of constitutional rights, that the policymakers . . .

15 can reasonably be said to have been indifferent to the need."

16 City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal

17 citations omitted); Mortimer v. Baca, 594 F.3d 714, 722 (9th Cir.

18 2010).

19    Liability attaches to the County, according to Plaintiffs,

20 because it ratified the "policies, customs, and practices" that

21 the Defendant deputies followed when assaulting Ludavico.  (ECF

22 No. 90 at 9.)  Plaintiffs make only a conclusory allegation that

23 Defendants acted pursuant to a government policy or custom,

24 without ever identifying or describing the policy.  Furthermore,

25 Plaintiffs fail to explain how any government practice caused a

26 constitutional violation.  Such unsupported claims fail to "raise

27 a right to relief above the speculative level."  Twombly,

28 550 U.S. at 555.

11

1   Plaintiffs also fall far short of showing deliberate
2   indifference, as required by <u>City of Canton</u>.   489 U.S. at 389.
3   As a result, Plaintiffs' claim against Defendant Sacramento
4   County is dismissed without leave to amend.   Plaintiffs rely on a
5   supervisory liability theory to allege a claim against Defendant
6   Sheriff McGinness.   However, "under § 1983, supervisory officials
7   are not liable for actions of subordinates on any theory of
8   vicarious liability."   <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th
9   Cir. 1989) (citing <u>Pembaur</u>, 475 U.S. at 479).   For allegations
10  against an individual in a supervisory position, a plaintiff must
11  establish the defendant's personal involvement in the incident or
12  that the defendant implemented a policy that was a moving force
13  behind the alleged wrongdoing.   <u>Id.</u> 885 F.2d at 646.
14  "Supervisory liability exists even without overt personal
15  participation in the offensive act if supervisory officials
16  implement a policy so deficient that the policy 'itself is a
17  repudiation of constitutional rights' and is 'the moving force of
18  the constitutional violation.'"   <u>Id.</u> (quoting <u>Thompkins v. Belt</u>,
19  828 F.2d 298, 304 (5th Cir. 1987)).

20      Plaintiffs assert that Defendant McGinness is responsible
21  because he is "the ultimate supervisor of all individual
22  defendants as well as the policymaker for defendant Sacramento
23  County Sheriff's Department."   (ECF No. 92 at 10.)   Plaintiffs'
24  pleadings do not claim that Defendant McGinness participated in
25  the actual assault and provide no facts showing that Defendant
26  McGinness knew of a constitutional violation and failed to remedy
27  it.
28  ///

Finally, Plaintiffs fail to identify the alleged policy Defendant McGinness enacted, and prove unable or unwilling to offer even a rudimentary description of a procedure that caused the Defendant deputies to use excessive force.  Simply stated, reiterating a cause of action's elements, supported only by conclusory statements and without adequate facts, does not satisfy the Rule 8 pleading requirements.  <u>Iqbal</u>, 556 U.S. at 678.  Thus, the claim against Defendant McGinness is dismissed without leave to amend.

**C.   42 U.S.C. § 1983: Eighth Amendment Inadequate Medical Care Claim**

Plaintiffs' second cause of action alleges that all Defendants violated Ludavico's Eighth Amendment rights by failing to treat his medical needs.  Denial of medical care claims require facts demonstrating "deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  "In the Ninth Circuit, the test for deliberate indifference consists of two parts."  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).  This two-part test forces a plaintiff to establish both "that failure to treat a prisoner's condition could result in further significant injury or unnecessary and wanton infliction of pain" and "a purposeful act or failure to respond to a prisoner's pain or possible medical need."  <u>Id.</u>  As discussed above, a municipal entity is liable when a government "policy or custom" caused the violation.  <u>Monell</u>, 436 U.S. 694.

///

13

To bring a supervisory liability claim, a plaintiff must allege that the defendant was actually involved in the wrongdoing or that the defendant's policy caused the harm.  <u>Hansen</u>, 885 F.2d at 646.

Plaintiffs allege that Ludavico received medical treatment when he first arrived at the Sacramento County Jail, but Defendants, although aware of Ludavico's medical need, allowed the care to end once Ludavico was booked.  (ECF No. 90 at 10.)  The TAC lacks any other factual statements regarding the activities that occurred at the jail.  In regard to the Defendant officers, Plaintiffs do not assert even basic allegations as to which Defendants were present at the jail, which Defendants actually violated Ludavico's rights, or which Defendants had a duty to administer care.  Plaintiffs also provide insufficient facts regarding Ludavico's medical condition.  Due to Plaintiffs' failure to plead this necessary information, Plaintiffs' claims against the Defendant officers are dismissed without leave to amend.

Plaintiffs also assert that Defendant Sacramento County is liable for Eighth Amendment violations.  Plaintiffs do not mention or describe any government procedure that resulted in withholding needed medical aid from Ludavico.  Furthermore, Plaintiffs fail to put forth any facts suggesting deliberate indifference.  Without the necessary facts, Plaintiffs inadequately plead their allegations and fail to support their claim.  <u>Twombly</u>, 550 U.S. at 556 n.3.  Thus, Plaintiffs' second cause of action is dismissed without leave to amend as to Defendant Sacramento County.

14

1    Plaintiffs also claim that Defendant McGinness is

2 responsible for the alleged Eighth Amendment violations because

3 he holds a supervisory position.  However, Plaintiffs do not

4 allege that Defendant McGinness came into contact with Ludavico

5 at his home or the jail, and Plaintiffs fail to identify or

6 describe a procedure that Defendant McGinness ratified that

7 caused Ludavico's injuries.  Without additional facts, Plaintiffs

8 simply state a general claim that Defendant McGinness harmed

9 Ludacivo.  See Iqbal, 556 U.S. at 678.  As a result, Plaintiffs

10 fail to state a claim against Defendant McGinness.  Accordingly,

11 the claim is dismissed without leave to amend.

12

13    **D.   42 U.S.C. § 1983: Negligent Hiring, Training,**
        **Supervision, and Retention**

14

15    Plaintiffs' third cause of action alleges that Defendants

16 Sacramento County, McGinness, Hanks and Mora are responsible for

17 engaging in negligent hiring, training, supervision and retention

18 practices.  While "it is now well settled that the mere

19 negligence of a state official does not violate the due process

20 clause of the [F]ourteenth [A]mendment, a constitutional

21 violation may arise from training or supervision where the

22 training or supervision is sufficiently inadequate as to

23 constitutes deliberate indifference to the rights of persons with

24 whom the police came into contact."  Davis v. City of Ellensburg,

25 869 F.2d 1230, 1235 (9th Cir. 1989) (internal citations omitted).

26 However, as set forth above, municipalities are liable under

27 § 1983 "only where the municipality itself causes the

28 constitutional violation at issue.

1  Respondeat superior or vicarious liability will not attach under

2  § 1983." City of Canton, 489 U.S. at 385 (citing Monell, 436

3  U.S. 694-95). "Municipalities cannot be held liable simply

4  because they employ a tortfeasor." Davis, 869 F.2d at 1234.

5  Thus, a municipality is only liable "where its policies are the

6  moving force [behind] the constitutional violation." City of

7  Canton, 489 U.S. at 389.  Thus, the "first inquiry in any case

8  alleging municipal liability under § 1983 is the question whether

9  there is a direct causal link between a municipal policy or

10  custom and the alleged constitutional deprivation." Id.

11      Plaintiffs claim that Defendant Sacramento County is at

12  fault under a Monell-liability theory.  That is, Plaintiffs

13  contend that an official practice, enacted by Defendant

14  Sacramento County, caused Ludavico's harm.  However, Plaintiffs'

15  TAC fails to allege any specific policy or procedure that

16  Defendant Sacramento County enacted that was "the moving force

17  [behind] the constitutional violation." City of Canton, 489 U.S.

18  at 389.  Plaintiffs merely provide conclusory allegations without

19  identifying any practices, policies, or customs which are

20  directly and causally linked to the alleged constitutional

21  deprivation.  Due to Plaintiffs' repeated failures to adequately

22  plead this cause of action, the claim against the County is

23  dismissed without leave to amend.

24      Plaintiffs rely on theories of general negligence,

25  supervisory liability, and Monell-liability to bring this cause

26  of action against Defendants McGinness, Hanks and Mora.

27  ///

28  ///

16

As for Plaintiffs' general negligence theory, it is "well settled that mere negligence of a state official does not violate the due process clause of the fourteenth amendment . . . ." <u>Davis</u>, 869 F.2d at 1235.  Plaintiffs have not alleged facts sufficient to demonstrate that Defendants McGinness, Hanks and Mora inadequately supervised, hired, or trained police officers to the point that their conduct "consitute[s] deliberate indifference to the rights of persons with whom the police come into contact." <u>Id.</u> (internal citations omitted).

As to Plaintiffs' supervisory liability theory, Plaintiffs must establish Defendants' personal involvement in the incident or that Defendants implemented a policy that was a moving force behind the alleged wrongdoing. <u>Hansen</u>, 885 F.2d at 646.  As to Defendants McGinness, Hanks and Mora, Plaintiffs offer too few details to state a claim.  Plaintiffs fail to personally connect these three Defendants to the deputies involved in the incident at Ludavico's house and do not plead facts sufficient to demonstrate that these Defendants were actually charged with hiring, training, supervision and retention.  Moreover, Plaintiffs fail to plead facts that clarify what policy or procedure was the moving force behind the wrongdoing, much less show that Defendants implemented such a policy.  Instead, Plaintiffs submit only the general allegation that these Defendants are in management positions and should have prevented the wrongdoing.  To sustain a claim, Plaintiffs must present more than bare conclusions and a recitation of the cause of action's requirements. <u>Twombly</u>, 550 U.S. at 555.

///

As a result, the claim against Defendants McGinness, Hanks and Mora are dismissed without leave to amend.

### D.    Tort Claims Brought Pursuant to State Law

Plaintiffs' fourth, fifth, sixth, and seventh causes of action allege state law claims for various torts committed by Defendants.

#### 1.    Duplicative Actions

Plaintiffs' sixth cause of action, claiming negligent and intentional infliction of emotional distress, names all Defendants.  The seventh cause of action, also for negligent and intentional infliction of emotional distress, only applies to Defendants Sacramento County and McGinness.  Because the seventh cause of action is duplicative, it is dismissed without leave to amend.

#### 2.    Additional Plaintiffs

In granting Defendants' previous motion to dismiss, the Court concluded that "Plaintiffs may not add any new claims to their complaint." (ECF No. 88 at 11.)  In Plaintiffs' Second Corrected Second Amended Complaint, only Ludavico pled the sixth cause of action.  (ECF No. 68 at 10.)  Plaintiffs then proceeded to add Plaintiffs Ashley Ludavico and Thomas Ludavico, Jr. to the TAC's sixth cause of action.

Adding parties to a cause of action constitutes alleging new

claims and thus violates the Court's previous order.  As a

result, only Ludavico can bring Plaintiffs' sixth cause of

action.


###    3.    The GCA


Before bringing a suit against a public entity, the

California Tort Claims Act ("the GCA") requires "the timely

presentation of a written claim and the rejection of the claim in

whole or in part."  Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d

1470, 1477 (9th Cir. 1995).  Claims must also be presented prior

to bringing suit against a public employee who is alleged to have

caused injury while acting within the scope of his or her

employment.  Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13

(1991).  "[T]he claims-presentation requirements serve two basic

purposes: First, they give the governmental entity an opportunity

to settle just claims before suit is brought.  Second, they

permit the entity to make an early investigation of the facts on

which a claim is based, thus enabling it to defend itself against

unjust claims and to correct the conditions or practices which

gave rise to the claim."  Lozada v. City of S.F.,

145 Cal. App. 4th 1139, 1151 (2006).

A plaintiff must allege facts demonstrating either

compliance with the GCA requirement or an excuse for

noncompliance as an essential element of the cause of action.

State v. Sup. Ct. (Bodde), 32 Cal. 4th 1234, 1243-44 (2004).

///

1    Failure to allege compliance or an excuse for noncompliance
2    constitutes a failure to state a cause of action and results in
3    dismissal of such claims.  Id.  Consequently, if the requisite
4    tort claim is not filed because certain defendants' identities
5    are unknown, the plaintiff must plead and prove the reasons that
6    the public employees' identities were not known.  Williams v.
7    Braslow, 179 Cal. App. 3d 762, 772-74 (1986).

8        Plaintiffs did not file tort claims against Defendants
9    Heller, Weightman, McGinness, Hanks and Mora.  However,
10   Plaintiffs contend that they satisfied the GCA by timely filing
11   tort claims against all then known Defendants.  (ECF No. 92 at
12   114-15.)  Plaintiffs' pleadings offer no explanation for their
13   failure to identify these defendants.  See Williams, 179 Cal.
14   App. 3d at 772-74.  Furthermore, Plaintiffs had access to police
15   reports and other documents with the information needed to
16   appropriately file tort claims against these Defendants.
17   Accordingly, it appears that Plaintiffs cannot show that they
18   "did not know or have reason to know the identities of the public
19   employees" when they filed their tort claims.  Id. at 773.  As a
20   result of Plaintiffs' failure to comply with the GCA, Plaintiffs'
21   fourth, fifth and sixth causes of action against Defendants
22   Heller, Weightman, McGinness, Hanks and Mora are dismissed
23   without leave to amend.
24   ///
25   ///
26   ///
27   ///
28   ///

1          **4.    Claims Against Defendants Adrian Zuniga, Daniel**
               **Zuniga, Sydow, and Powe**

2

3          Plaintiffs' fourth cause of action alleges negligence; the

4    fifth, assault and battery; and the sixth, negligently and

5    intentional infliction of emotional distress.  As to Defendants

6    Adrian Zuniga, Daniel Zuniga, Sydow and Powe, Plaintiffs simply

7    offer blanket assertions of liability.  Plaintiffs offer no

8    factual details showing that each individual Defendant was

9    negligent, assaulted and battered Ludavico, or caused, either

10   intentionally or negligently, Plaintiffs to suffer emotional

11   distress.  Plaintiffs plead only that Defendant Adrian Zuniga

12   wielded a shotgun in a potentially menacing manner, and,

13   according to Plaintiffs' TAC, the other Defendants might have

14   been at the scene.  (ECF No. 90 at 5-6; ECF No. 92 at 5-9.)  In

15   short, Plaintiffs merely accuse Defendants of wrongdoing without

16   pleading facts sufficient to demonstrate that arriving at the

17   scene or holding a weapon constitutes tortious conduct of any

18   sort.  Taken as true, the factual details in Plaintiffs' FAC fail

19   to support the causes of action and are insufficient to

20   demonstrate that Defendants are liable under state law.  Thus,

21   Plaintiffs' fourth, fifth and sixth causes of action against

22   Defendants Adrian Zuniga, Daniel Zuniga, Sydow and Powe are

23   dismissed without leave to amend.

24   ///

25   ///

26   ///

27   ///

28   ///

**CONCLUSION**

     For the reasons set forth above, Plaintiffs' second, third, and seventh causes of action are DISMISSED WITHOUT LEAVE TO AMEND; Plaintiffs' first cause of action is DISMISSED WITHOUT LEAVE TO AMEND as to all Defendants EXCEPT Defendants Heller, Schannep and Weightman; Plaintiffs' fourth, fifth and sixth causes of action are DISMISSED WITHOUT LEAVE TO AMEND for all Defendants EXCEPT Defendants Schannep and Sacramento County; and Plaintiffs' sixth cause of action is DISMISSED WITHOUT LEAVE TO AMEND to the extent that it is brought by Plaintiffs Ashley and Thomas Ludavico.

     IT IS SO ORDERED.

 Dated: November 6, 2012

                              _____
                              MORRISON C. ENGLAND, JR.
                              UNITED STATES DISTRICT JUDGE